MALGOR & COMPANY, Plaintiff and Appellee, *v.* PEDRO GONZÁLEZ LEVY, Defendant; J. CLIVILLÉS & Co., SUCCRS., *S. em C.,* Defendant and Appellant.

No. 5103. Argued March 11, 1930.—Decided June 19, 1931.

*Largé & Acevedo* for appellant.    *Angel R. de Jesús* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

The mercantile partnership, J. Clivillés & Co., Succrs., *S. en C.,* which will hereinafter be referred to as Clivillés & Co., purchased at a judicial sale a piece of property subject to two mortgages amounting to $2,100.   Afterwards it sold the property to Pedro González Levy, the present owner, and subsequently the firm of Malgor & Co., which had acquired the two mortgages by assignment, brought suit against Pedro González Levy and Clivillés & Co. to recover from the former the amount of the mortgages out of the proceeds of the sale of the property, and from the latter any deficiency that might result after the sale of the mortgaged property, in the event the proceeds of such sale should be insufficient to cover the entire mortgage debt.

Clivillés & Co. interposed a demurrer to the complaint for failure to state a cause of action as against the firm, which was overruled by the court.   After a trial, judgment was rendered against González Levy and Clivillés & Co. as prayed for by plaintiff.

In the appeal taken by Clivillés & Co. from that judgment it is urged that the lower court erred in overruling said demurrer, and in adjudging the firm to make the payment demanded.

The complaint is based on the theory that by virtue of a certain clause in the deed of sale executed by the marshal in favor of Clivillés & Co., the latter succeeded to the personal liability of the mortgagor for any part of the amount of the mortgages not covered by the proceeds of the sale of the mortgaged property. This question need not be determined by us now, as the issue raised by the demurrer was whether a cause of action existed as against Clivillés & Co., even admitting that this firm assumed the personal liability of the original mortgage debtor. Or, stated otherwise, whether Clivillés & Co., admitting that it is liable in a personal action, can be sued before the property is sold and the proceeds of the sale are proved to be insufficient to cover the amount secured by the mortgages.

Any obligation of payment on the part of Clivillés & Co. in the present case is dependent upon the fulfillment of a suspensive condition, namely, that the proceeds of the sale at public auction of the mortgaged property should fail to cover the amount of the mortgages. Such a condition can not be fulfilled until after the sale is carried out and a deficit results therefrom. No recovery can be had as against Clivillés & Co. unless the suspensive condition has been fulfilled. According to section 1080 of the Civil Code, every obligation the fulfillment of which should not depend upon a future or uncertain event, shall be immediately demandable; and according to section 1081 of the same code, in conditional obligations, the acquisition of rights, as well as the extinction or loss of those already acquired, shall depend upon the event constituting the condition. Therefore, until the occurrence of the future event that the proceeds of the sale of the property failed to cover the amount of the mortgages, no right accrues to recover from Clivillés & Co., which firm should not be called upon to defend against a claim that has no present existence and perhaps may never exist, if the proceeds of the sale are large enough to cover the whole in-

debtedness. It should not be subjected to the vexation of an uncertain claim which has not yet matured. Moreover, section 37 of the Code of Civil Procedure provides that civil actions can only be commenced after the cause of action shall have accrued; and in 1 Cyc 743 it is stated that where money is to be paid on the happening of an event, suit can not be brought until the event has happened.

The case of *Succrs. of M. Lamadrid & Co.* v. *Torrens, Martorell & Co.*, 28 P.R.R. 824, cited by the appellee, has no application here, as that was the case of a general partner who had been sued jointly with the firm and who under the law was liable, personally and *in solidum*, as a surety of the partnership with the right to excussion like the sureties, whilst in the case now before us the liability claimed depends upon the interpretation of a clause of a contract and no surety is involved. In any event, in the *Lamadrid* case we went as far as we could, and we think that the doctrine thereof should be applied only to situations similar to the one presented there.

The demurrer for failure to state a cause of action as against Clivillés & Co. should have been sustained, and since the complaint is not amendable as regards the appellant we must reverse the judgment rendered against J. Clivillés & Co., Succrs., *S. en C.*, and render another dismissing the complaint as to that defendant, without special imposition of costs.

Mr. Justice Wolf, concurring.

I agree with the reasoning of the opinion, except as to the citation of the *Lamadrid* case, wherein I dissented.